FILED
FEB 10 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
SUPPRESSED ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21CR00107 RWS/SRW |
| SCOTT E. REID, | ) ) |
| Defendant. | ) ) |

### INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defines the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) " sexually explicit conduct" to mean actual or simulated--

    (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals, anus or pubic area of any person (18 U.S.C §2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. On or between about August 11, 2019 and December 19, 2019, in St. Francois County, Missouri within the Eastern District of Missouri and elsewhere,

**SCOTT E. REID,**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received image files and video files of child pornography via the internet, to include but not limited to images and videos of prepubescent children and minors engaged in acts of masturbation and the lascivious display of their genitals, including but not limited to:

a. An image file depicting a prepubescent female minor who appears to be under the age of

3

ten years who is positioned on top of an adult male who is lying on pink bedding; the minor child's vagina is being penetrated by an the adult's penis;

b. An image file depicting a nude prepubescent female minor who appears to be under the age of seven years who is being anally penetrated by an adult penis; she has her hands covering her eyes; and

c. An image file depicting a prepubescent female minor who appears to be under the of twelve years and who is lying nude on a patchwork quilt with a black blindfold over her eyes and her hands tied above her head with yellow binding material; her legs are spread and her genitals are a focus of the image;

in violation of 18 U.S.C. § 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count 1 of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JILLIAN S. ANDERSON, #53918MO
Assistant United States Attorney