UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CR 107 RWS |
| | ) | |
| SCOTT E. REID, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1.   PARTIES:

The parties are the defendant SCOTT E. REID, represented by defense counsel Lucille G. Liggett, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2.   GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the amended charge of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5), the Government agrees that no further federal prosecution will be brought in this District relative to the facts giving rise to the charging instruments of which the Government is aware at this time.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to recommend a sentence of no more than seventy-two (72) months imprisonment followed by lifetime supervised release and applicable assessments and restitution.  The parties further agree that the Defendant may request a sentence within or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request by the Defendant for a sentence below the U.S. Sentencing Guidelines range will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.  The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to two Seagate hard drives and a Hewlett Packard computer. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS:**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly

2

possessed (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On or about August 11, 2019, the defendant uploaded via the internet multiple images of child sexual abuse material to the website "Motherless.com." These uploaded images depicted a juvenile engaged in a lascivious display of her genitals. On December 19, 2019, a search warrant was executed at the residence of the defendant in St. Francois County, Missouri. Law enforcement seized electronics, a Hewlett Packard Compaq computer and two Seagate hard drives, on which the defendant had downloaded from the internet 3,344 images and 24 videos of child pornography depicting juveniles engaged in sexual conduct and/or a lascivious display of their genitals, including but not limited to the following:

a.   An image file depicting a prepubescent female minor who appears to be under the age of ten years who is positioned on top of an adult male who is lying on pink bedding; the minor child's vagina is being penetrated by the adult's penis;

b.   An image file depicting a nude prepubescent female minor who appears to be under the age of seven years who is being anally penetrated by an adult penis; she has her hands covering her eyes; and

3

      c.      An image file depicting a prepubescent female minor who appears to be under the of twelve years and who is lying nude on a patchwork quilt with a black blindfold over her eyes and her hands tied above her head with yellow binding material; her legs are spread and her genitals are a focus of the image.

On December 19, 2019, the defendant was interviewed by law enforcement and admitted that he has viewed child pornography.  The defendant explained to law enforcement that he first viewed child pornography in 1995 on AOL chatrooms on the internet.  The defendant explained to law enforcement that it was likely that child pornography would be on his computer and that he takes full responsibility for it being there.  The 3,344 images and 24 videos of child pornography located by law enforcement had been downloaded from the internet by the defendant who was searching for child pornography and knew that the images and videos depicted minors.

The Hewlett Packard Compaq computer and two Seagate hard drives were manufactured, in whole or in part, outside of the State of Missouri and travelled in interstate and/or foreign commerce.  The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5.       **STATUTORY PENALTIES:**

As to Count I, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than twenty years, and a fine of not more than $250,000.  The Court may also impose a period of supervised release of not more than life and not less than five years.

4

Pursuant to Title 18, United States Code, Section 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court shall impose an assessment for each count of not more than seventeen thousand dollars ($17,000.00).

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A(a)(5), possession of child pornography).

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**6.**     **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.**     **Chapter 2 Offense Conduct:**

**(1)**     **Base Offense Level:**  The parties agree that the base offense level is eighteen (18) found in Section 2G2.2(a)(2).

**(2)**     **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

5

(a)     Two (2) levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(b)     Two (2) levels should be added pursuant to §2G2.2(b)(3)(F), because the defendant "knowingly engaged in distribution;"

(c)     Four (4) levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence;"

(d)     Two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material;"

(e)     Five (5) levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved 600 or more images.

b.    **Chapter 3 Adjustments:**

**(1)  Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty.  The parties agree that the defendant's eligibility for this deduction is based upon information presently known.  If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with

6

defendant's eligibility for this deduction, the government may present said

evidence to the court, and argue that the defendant should not receive all or part of

the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)**     **Other Adjustments:**  The parties agree that the following additional

adjustments apply:  none.

**c.**     **Estimated Total Offense Level:**  The parties estimate that the Total Offense

Level is thirty (30).

**d.**     **Criminal History:**  The determination of the defendant's Criminal History

Category shall be left to the Court.  Either party may challenge, before and at sentencing,

the finding of the Presentence Report as to the defendant's criminal history and the

applicable category.  The defendant's criminal history is known to the defendant and is

substantially available in the Pretrial Services Report.

**e.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that

the Court is not bound by the Guidelines analysis agreed to herein. The parties may not

have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not

apply any Guideline despite the agreement herein and the parties shall not be permitted to

withdraw from the plea agreement.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.**     **Appeal:**  The defendant has been fully apprised by defense counsel of the

defendant's rights concerning appeal and fully understands the right to appeal the

sentence under Title 18, United States Code, Section 3742.

**(1)**     **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-

jurisdictional, non-sentencing issues, including, but not limited to, any issues

7

relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)   **Sentencing Issues:** In the event the Court accepts the plea and sentences the defendant to a term of imprisonment of seventy-two months or lower, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.  Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant within the Sentencing Guideline range or to seventy-two months or lower as requested by the Government.

b.   **Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c.   **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.   **OTHER:**

a.   **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b.   **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c.   **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.  Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box.  In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of

9

imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

**d.      Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A, transportation, distribution, receipt, possession, or access with the intent to view child pornography).

Pursuant to Title 18, United States Code, Section 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court shall

10

impose an assessment for each count of not more than sevventeen thousand dollars ($17,000.00).

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss.

g. **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant

11

beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following

12

conviction.  Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.**   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

13

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.     NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

1/24/2022
_____
Date

*Jillian S. Anderson*
_____
JILLIAN S. ANDERSON
Assistant United States Attorney

1-20-22
_____
Date

_____
SCOTT E. REID
Defendant

1/24/2022
_____
Date

_____
LUCILLE G. LIGGETT
Attorney for Defendant  MO #34589

14